[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this matter is Andrew Lucibello, d/b/a Lucibello Electric, and the defendants are Timothy and Michaela Palmer. In May, 1988 the defendants contracted with Duell, Duell and Becroft, Inc. (hereinafter referred to as Becroft), a Connecticut General Partnership, to build them a home on David Road, Durham, Connecticut, for $263,000.00 (see Exhibits B and C). As a result of that contract, Becroft, acting as general contractor, hired the plaintiff, an electrical contractor, in December 1988 to lay a conduit line for telephone and electrical cables for said home. For this the plaintiff was paid the sum of $1200.00. This conduit line was approximately 460 feet in length going from the road to the defendants' home. The trench in which the conduit lines were installed had already been dug by another CT Page 10002 party and was likewise filled in by another party after said conduit line was installed. The defendant, Timothy Palmer, Jeffrey Rummel, Gerald Hemphill, and the plaintiff testified concerning this item. From the testimony the court finds that shortly after its completion the telephone cables were installed through the conduit with no problem. Sometime later the Connecticut Light and Power Company attempted to install its wires and cables through said conduit and could not do so. This was due to the fact that the conduit was installed at angles and the electrical wire was too thick to pull through these angles, and also due to the fact that the conduit was not capped at the end and this allowed debris to get into the conduit and render it useless. As a result, the defendants expended the sum of $4235.13 to correct the problem with this conduit. They have filed a counterclaim and claim this sum from the plaintiff. William J. Rummel Son, Inc. was paid $3785.13 to install another conduit line for approximately 260 feet from the road to a transformer in the defendants' driveway. The defendants also paid Whitehouse Construction Company to install a conduit line from said transformer to their home and paid that firm the sum of $450.00.
The court finds that the conduit was not installed properly by the plaintiff and awards the defendants $1200.00 in damages as a result. That is the sum that the defendants paid to the plaintiff.
The plaintiff testified that in April, 1989 he made a bid to Scott Becroft of Duell, Duell and Becroft for the electrical wiring job in the defendants' home. This bid was oral and was for $8500.00. The plaintiff was awarded the bid and commenced work on April 7, 1989. He last worked on said home on or about May 25, 1989 (See Exhibit A-1 to A-11). During that time the plaintiff claims that he did work for which he is owed $5895.99. The plaintiff is also claiming statutory interest of ten (10%) percent on that sum. The plaintiff testified that in late May 1989 he sought payment from the defendants and/or Becroft for the work that had been done to that date. Neither party would pay him so he left the job site for that reason. He testified he had received no complaints from anybody about his work. The plaintiff's work consisted of "rough in" wiring of the house, installation of meter can and panel, installation of a central vacuum system, and the installation of recessed lighting fixtures. Mr. Palmer testified that he told the plaintiff he would pay him for the electrical work he had done when electric power was connected to his house. The plaintiff claimed this was not his responsibility.
Anthony Satagaj, the Building of icer for Durham, testified that he inspected the defendants' home on May 26, 1989. He had issued an electrical permit for said house to the plaintiff on April 1, 1989. Upon inspection, Mr. Satagaj found that the CT Page 10003 electrical fixtures did not meet the provisions of the electrical code and he also found in one instance that there were too many wires installed in a particular hole in violation of the electrical code.
Mr. Lucibello testified that he installed twenty-one (21) recessed light fixtures in the defendants' home, that each fixture cost $14.85 and that it took fifteen minutes to install such a fixture, and that the hourly wage for such installation was thirty ($30.00) dollars per hour. Using those figures, the cost of the twenty-one light fixtures would be $311.85 and the labor to install them would be $157.50, for a total cost of $469.35. These fixtures all had to be removed by the defendants since they did not meet the electrical code.
Gerald Hemphill, another electrical contractor was hired by the defendants to finish the electrical work on said home and to install a new conduit line for the electrical power connection. He obtained a second electrical permit for this home on August 28, 1989. Mr. Hemphill testified concerning the work he did on said house. His bill for this work was $5385.65 (see Exhibit 7 ($5,577.65 — $192.00)). He testified in detail on each item on his bill. He stated that the only items on his bill that had to do with correcting the plaintiff's work were items one, two and four. These items concerned the conduit line ($892.00), rerouting of cables ($637.00) and rerouting feed to rear barn ($50.00). As to the latter, he testified that two-thirds of the line installed by the plaintiff was usable by him. Mr. Hemphill was also questioned on the remainder of the plaintiff's work and stated it was acceptable.
Thus, the plaintiff has sued the defendants for $5895.99 and the defendants have filed a counterclaim against the plaintiff for — a total of $9620.78.
After hearing the evidence, the court finds the issues for the plaintiff on the complaint in the amount of $5426.64. This is arrived at by deducting the cost of the recessed lighting fixtures and the labor to install the same, which comes to $469.35, from the total claim of the plaintiff which is $5895.99.
As to the counterclaim, the court finds the issues for the defendant in the amount of $1529.00. This figure is arrived at by allowing $892.00 paid to Hemphill Electric Company for installing the new conduit line for the electrical power connection (Item one on Exhibit 7) and by further allowing $637.00 for the rerouting of cables to the Panel (Item two on Exhibit 7). These figures total $1529.00.
Thus, the court orders that the defendant shall pay to the CT Page 10004 plaintiff a net figure of $3897.64 plus costs of suit. The court does not award interest on this sum to the plaintiff. The court further orders that the defendants shall also return to the plaintiff the twenty-one lighting fixtures that were installed by him and later removed by the defendants when it was found that they did not meet the electrical code.
Judgment may enter accordingly.
William J. Sullivan, Judge